The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

F5, INC., FRANCOIS LOCOH-DONOU, EDWARD COOPER WERNER, KUNAL ANAND, and THOMAS DEAN FOUNTAIN,

Defendants.

NO. 2:25-cv-02619-KKE

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION**

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT .................................................................................. 1

II.   BAKKERS AND ZOETWAREN SHOULD BE APPOINTED LEAD PLAINTIFF..... 3

    A.   Bakkers and Zoetwaren Have the Largest Financial Interest ........................................... 3

    B.   Bakkers and Zoetwaren Satisfy the Relevant Requirements of Rule 23 ......................... 4

    C.   Bakkers and Zoetwaren's Selection of Counsel Should Be Approved .......................... 5

III.  THE LANSING FUNDS' MOTION SHOULD BE DENIED ...................................... 5

IV.   CONCLUSION ........................................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - ii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Related pension funds Stichting Bedrijfspensioenfonds voor het Bakkersbedrijf and Stichting Bedrijfstakpensioenfonds voor de Zoetwarenindustrie ("Bakkers and Zoetwaren") respectfully submit this Memorandum of Points and Authorities in further support of their motion for appointment as Lead Plaintiff (ECF 6) and in opposition to the competing motion filed by City of Lansing Employees' Retirement System and City of Lansing Police & Fire Retirement System (the "Lansing Funds") (ECF 8).[1]

## I.      PRELIMINARY STATEMENT

On February 17, 2026, two motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities litigation Reform Act of 1995 ("PSLRA"). The motions were filed by: (1) Bakkers and Zoetwaren; and (2) the Lansing Funds. Of these movants, Bakkers and Zoetwaren are entitled to the presumption that they are the "most adequate plaintiff," and should be appointed as Lead Plaintiff under the PSLRA and Ninth Circuit authority. Bakkers and Zoetwaren possess the largest financial interest in the relief sought by the class and meet the adequacy and typicality requirements under Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (setting out the "simple three-step process for identifying the lead plaintiff" in a securities fraud class action).

***First***, with losses of approximately $595,782, Bakkers and Zoetwaren unquestionably possess a larger financial interest in the litigation than the Lansing Funds which claim losses of $263,382. *Reinschmidt v. Zillow, Inc.*, 2013 WL 1092129, *3 (W.D. Wash. Mar. 14, 2013) (explaining that "Courts often consider. . . approximate losses suffered, determinative in identifying the plaintiff [with] the greatest financial stake"). In fact, Bakkers alone suffered losses of $362,102, larger than the Lansing Funds' combined losses.

***Second***, in addition to asserting the largest financial interest, Bakkers and Zoetwaren

---

[1] Unless otherwise noted, all references to "ECF __" are to docket entries in the first-filed action captioned *Smith v. F5, Inc., et al.*, No. 2:25-cv-02619 (MLP) (W.D. Wash.). All capitalized terms are defined in Bakkers and Zoetwaren's motion (ECF 6), all emphasis is added unless stated otherwise, and all internal citations are omitted.

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 1

satisfy the PSLRA's adequacy and typicality requirements and are willing and able to represent all class members. As set forth below, Bakkers and Zoetwaren are sophisticated, related institutional investors with the necessary means to represent the class under the federal securities laws. Moreover, Bakkers and Zoetwaren have retained experienced counsel to represent them and the class. Thus, there can be no doubt that Bakkers and Zoetwaren will zealously represent the interests of the class here. Bakkers and Zoetwaren are entitled to the presumption that they are "the most adequate plaintiff. *See In re Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

*Third*, once triggered, Bakkers and Zoetwaren's "most adequate plaintiff" presumption can only be rebutted upon "proof" that they will not fairly represent the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because there is no "proof" to rebut their presumptive status as the most adequate plaintiff under the PSLRA, Bakkers and Zoetwaren are entitled to appointment as lead plaintiff, and the Lansing Funds' motion must be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status").

*Fourth*, Bakkers and Zoetwaren have selected DiCello Levitt as Lead Counsel for the class. DiCello Levitt is a nationally recognized securities class action litigation firm highly qualified to prosecute this case and should be approved as lead counsel for the class. *See City of Pontiac Police and Fire Ret. Sys. v. ZoomInfo Techs. Inc.*, 2024 WL 5088347, at *6 (W.D. Wash. Dec. 12, 2024) (noting that "'if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.'").

Accordingly, as the presumptive "most adequate plaintiff," Bakkers and Zoetwaren respectfully request that the Court grant their motion in its entirety and deny the Lansing Funds' motion.

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 2

## II.   BAKKERS AND ZOETWAREN SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs that the movant possessing "the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "proof" that the movant will not fairly and adequately represent the class or is subject to unique defenses. *Cavanaugh*, 306 F.3d at 729-731. Because Bakkers and Zoetwaren are the presumptively most adequate plaintiff to represent the class, and no "proof" exists that could rebut that presumption, Bakkers and Zoetwaren are entitled to appointment as Lead Plaintiff.

### A.   Bakkers and Zoetwaren Have the Largest Financial Interest

Courts in the Ninth Circuit "'must compare the financial stakes of the various plaintiffs and determine which has the most to gain from the lawsuit', through 'accounting methods that are both rationally and consistently applied.'" *Zillow*, 2013 WL 1092129, at *2; *Cavanaugh*, 306 F.3d at 730 n.4. "Courts often consider the following four factors to determine financial interest: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered." *ZoomInfo*, 2024 WL 5088347, at *3. "Of these four factors, 'courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss.'" *Studen v. Funko, Inc.*, 2023 WL 5306005, at *2 (W.D. Wash. Aug. 17, 2023) (collecting cases). Here, under each one of the four factors, including the most important factor, "approximate loss suffered," Bakkers and Zoetwaren clearly possess the largest financial stake:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approx. Loss |
|---|---|---|---|---|
| *Bakkers and Zoetwaren* | *17,030* | *14,842* | *$4,301,335.06* | *$595,782.45* |
| Lansing Funds | 3,959 | 3,078 | $1,041,393.28 | $263,413.90 |

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Not only do Bakkers and Zoetwaren's collective losses exceed the losses claimed by the Lansing Funds, but Bakkers' individual LIFO loss of approximately $362,102 alone exceeds the Lansing Funds' combined losses. Consequently, there can be no dispute that Bakkers and Zoetwaren are the movant with the largest financial interest in the relief sought by the class.

### B. Bakkers and Zoetwaren Satisfy the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Bakkers and Zoetwaren also satisfy the applicable Rule 23 adequacy and typical requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 731 (explaining that a lead plaintiff movant need only make "a prima facie showing of typicality and adequacy").

"In the class action context, the test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Funko*, 2023 WL 5306005, at *3. Like all other class members, Bakkers and Zoetwaren: (1) purchased F5 securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were injured by the subsequent decline in value of their stock holdings once the alleged misrepresentations were exposed. Bakkers and Zoetwaren also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see id.* The interests of Bakkers and Zoetwaren are clearly aligned with those of the other members of the class, there is no evidence of any conflicts, and Bakkers and Zoetwaren's significant financial interest in this litigation ensures the vigorous prosecution of this litigation through their chosen lead counsel for the class, DiCello Levitt.

Moreover, as sophisticated institutional investors and trusted fiduciaries with experience selecting, hiring, and overseeing the activities of outside counsel, Bakkers and Zoetwaren are the ideal lead plaintiff under the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Bakkers is an industry-wide pension fund for the Dutch bakery sector, and Zoetwaren is the related pension scheme for Dutch confectioners. Together, Bakkers and Zoetwaren manage billions of dollars in assets on behalf of their members. Bakkers and Zoetwaren satisfy the typicality and adequacy requirements of a lead plaintiff.

### C. Bakkers and Zoetwaren's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court "should generally defer" to the lead plaintiff's choice of counsel so long as that choice is "reasonable." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009). Bakkers and Zoetwaren respectfully request that the Court approve their selection of DiCello Levitt – a firm with demonstrated significant experience prosecuting complex class actions – as Lead Counsel.

## III.    THE LANSING FUNDS' MOTION SHOULD BE DENIED

Bakkers and Zoetwaren have met all of the requirements for appointment as Lead Plaintiff and there is no "proof" to rebut their presumptive status as the PSLRA's "most adequate plaintiff." Thus, the Court need not consider the Lansing Funds' motion. Indeed, the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis." *Cavanaugh*, 306 F.3d at 732. "The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical." *Id.* Therefore, because Bakkers and Zoetwaren, the movants with the largest financial interest, are also typical and adequate class representatives, the Lansing Funds' motion must be denied.

## IV.    CONCLUSION

For the reasons discussed above and in their motion, Bakkers and Zoetwaren

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of DiCello Levitt as Lead Counsel for the class and Tousley Brain Stephens PLLC as Local Counsel.

DATED this 3rd day of March, 2026.

I certify that this memorandum contains 1,709 words, in compliance with the Local Civil Rules.

**TOUSLEY BRAIN STEPHENS PLLC**

By: */s/ Kim D. Stephens, P.S.*
Kim D. Stephens, P.S., WSBA #11984
Rebecca L. Solomon, WSBA #51520
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
Tel.:  (206) 682-5600
kstephens@tousley.com
rsolomon@tousley.com

*Liason Counsel*

**DiCELLO LEVITT LLP**

Henry Rosen (admitted *pro hac vice*)
Brian O. O'Mara (admitted *pro hac vice*)
Hani Y. Farah (admitted *pro hac vice*)
4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939
hrosen@dicellolevitt.com
briano@dicellolevitt.com
hfarah@dicellolevitt.com

**DiCELLO LEVITT LLP**

Roxana Pierce (admitted *pro hac vice*)
801 17th St. NW, Suite 430
Washington, DC  20006
Tel.: (202) 975-2288
rpierce@dicellolevitt.com

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 6

*Proposed Lead Counsel for Proposed Lead Plaintiff*

MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF BAKKERS AND ZOETWAREN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
NO. 2:25-cv-02619-KKE - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992