UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW SMITH, et al.,

     Plaintiff(s),

  v.

F5 INC., et al.,

     Defendant(s).

CASE NO. C25-2619-KKE

ORDER GRANTING UNOPPOSED MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

Plaintiff Matthew Smith filed this securities putative class action in December 2025, on behalf of all investors who purchased or otherwise acquired the securities of Defendant F5, Inc., between October 28, 2024, and October 27, 2025, inclusive. Dkt. No. 1. Related pension funds Stichting Bedrijfspensioenfonds voor het Bakkersbedrijf and Stichting Bedrijfstakpensioenfonds voor de Zoetwarenindustrie ("Bakkers and Zoetwaren") filed a motion for an order appointing them lead plaintiff and appointing their counsel as lead and local counsel. Dkt. No. 6. Although other putative class members filed a motion for appointment as lead plaintiff, they subsequently conceded that they do not oppose Bakkers and Zoetwaren's motion. *See* Dkt. Nos. 8, 26. Thus, Bakkers and Zoetwarn's motion is now unopposed and essentially uncontested.

A plaintiff filing a class action under the Securities Exchange Act of 1934 is required to provide notice to the purported plaintiff class members within 20 days of filing a complaint. 15 U.S.C. § 78u–4(a)(3)(A). The notice must inform members of the purported class that they may

ORDER GRANTING UNOPPOSED MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL - 1

move to be appointed lead plaintiff within 60 days of the notice. *Id*. It is the intent of the PSLRA that lead plaintiffs be appointed as soon as possible. *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999).

The court must appoint a lead plaintiff based on a consideration of three factors: (1) whether the movant filed the complaint or made a motion in response to the notice, (2) whether the movant has the largest financial interest in the suit, and (3) whether the movant can satisfy the requirements of Federal Rule of Civil Procedure 23 for class representatives. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that satisfies all three of those factors. *See* 15 U.S.C. §§ 78u–4(a)(3)(B)(i), (iii).

If the plaintiff with the largest financial interest cannot satisfy Rule 23's requirements, then the "court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As to the third factor, "[w]hile the PSLRA requires that the lead plaintiff satisfy all of Rule 23's requirements, the third and fourth requirements of Rule 23—typicality and adequacy—are the key factors for a court's lead plaintiff determination." *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).

The PSLRA instructs the lead plaintiff to "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Calif.*, 586 F.3d 703, 712 (9th Cir. 2009).

Here, the Court finds that Bakkers and Zoetwaren satisfy all three factors to be considered the "most adequate plaintiff." They filed a timely motion seeking appointment, it is uncontested that they have the largest financial interest in this suit, and they satisfy the typicality and adequacy

requirements of Rule 23.  *See* Dkt. No. 6 at 8–9.  Moreover, the Court is not aware of any basis to question Bakkers and Zoetwaren's counsel's ability to serve the needs of the class.  Thus, because it appears that Bakkers and Zoetwaren have acted reasonably in selecting counsel, the Court will defer to their choice of counsel.  *See Cohen*, 586 F.3d at 712.

Accordingly, the Court GRANTS Bakkers and Zoetwaren's motion (Dkt. No. 6), DENIES the other putative class members' motion (Dkt. No. 8), and ORDERS as follows:

(1) Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B), Bakkers and Zoetwaren are APPOINTED as Lead Plaintiff;

(2) Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), DiCello Levitt LLP is APPROVED as Lead Counsel for the Class. Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

   a. to brief and argue motions;

   b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

   c. to direct and coordinate the examination of witnesses in depositions;

   d. to act as spokesperson at pretrial conferences;

   e. to consult with and employ experts;

f.  to receive and review periodic time reports of all attorneys on behalf of Lead Plaintiffs and the proposed Class, to determine if the time is being spent appropriately and for the benefit of Lead Plaintiffs and the proposed Class, and to determine and distribute attorney's fees;

g.  to initiate and conduct any settlement negotiations with Defendants' counsel; and

h.  to perform such other duties as may be expressly authorized by further order of this Court.

(3) The Court further appoints Tousley Brain Stephens PLLC as Local Counsel for the Class and shall have all the responsibilities of Local Counsel as set forth in the Local Civil Rules.

Dated this 13th day of March, 2026.

_____
Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL - 4